UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Weusi Marrufu McGowan, | ) | Civil No. 11cv1620 LAB (PCL) |
| Petitioner, | ) ) | |
| v. | ) ) | **REPORT AND RECOMMENDATION DENYING PETITION FOR WRIT OF** |
| M D Bitter, | ) ) | **HABEAS CORPUS** |
| Respondent. | ) ) | |

**I. INTRODUCTION**

Petitioner Weusi McGowan, a state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his guilty plea in case number SCD 209770 to one count of robbery (Pen. Code § 211/212.5) with personal infliction of great bodily injury (Pen. Code § 12022.7(a)) and personal use of a weapon (Pen. Code § 12022(b)(1)), and one count of burglary (Pen. Code § 459/460). Petitioner also admitted to having two serious felony prior convictions (Pen. Code § 667(a)) and one "strike" prior conviction (Pen. Code § 667(b)-(i)/1170.12). Petitioner stipulated to a prison term of twenty-eight years, eight months in prison, to run consecutive to a stipulated sentence in case SCD 221451 of two years, eight months in prison, for a total sentence of 31 years, four months. As part of the plea deal, Petitioner agreed to an upper-term sentence for the robbery. (Lodgment 3.)

Petitioner contends that sentencing him to the upper term for robbery violates his constitutional rights because the aggravating factors were not submitted to a jury or proved beyond a reasonable doubt in violation of the Sixth and Fourteenth Amendments of the U.S. Constitution. (Doc. 1, at 14.) Respondent argues that his claim is procedurally defaulted and also fails on the merits because Petitioner waived any right to jury fact finding. (Doc. 11, at 5-10.)

The Court has considered the Petition, Respondent's Answer and Memorandum of Points and Authorities in Support thereof, Petitioner's Traverse, and all the supporting documents submitted by the parties. For the reasons set forth below, the Court recommends that the Petition be DENIED.

**II. PROCEDURAL BACKGROUND**

In October 2007, Petitioner assaulted a man outside the victim's home, forced him back into the home, bound and robbed him and fled in his car. (Lodgment 1, at 71.) When the police found Petitioner, he forcefully resisted arrest and threatened the police officer. (Id. at 71-72.)

For this conduct, the San Diego District Attorney charged Petitioner in a twelve-count information charging him with kidnap for robbery, robbery, aggravated assault, burglary, criminal threats, and resisting arrest. (Lodgment 1, at 3-6.) The charging document also alleged a number of recidivist allegations, including a prior prison term, two serious felony priors, and four convictions that qualified under the Three Strikes law. (Id.)

The case proceeded to trial. During jury selection, Petitioner assaulted his trial defense counsel and a juror with fecal matter that he had brought into the courtroom, resulting in a second prosecution. (Lodgment 1, at 52.) Eventually, Petitioner pled guilty in both cases, which were combined for sentencing. (Lodgment 1, at 58.) In return, the district attorney agreed that Petitioner would be sentenced as a one-striker and that the aggregate term for the two cases would be thirty-one years and four months. (Lodgment 1, at 59, 63, 94.) Petitioner agreed that the punishment would include the upper term for robbery, doubled pursuant to the Three Strikes law. (Id.) Petitioner also expressly waived his right to a jury trial on the question of the upper term. (Id.) The trial court sentenced him in accordance with the plea agreement on October 26, 2009. (Lodgment 1, at 85.)

Petitioner did not directly appeal his conviction. (Doc. 1, at 2.) Instead, Petitioner filed a Petitioner for Writ of Habeas Corpus in the Superior Court of California County of San Diego in

February 2010. (Lodgment 2.) Petitioner claimed that the trial court erred in sentencing him to the upper term for robbery in violation of the Sixth and Fourteenth Amendments of the U.S. Constitution under Cunningham v. California, 549 U.S. 270 (2007) because the aggravating factors were not submitted to a jury or proved beyond a reasonable doubt. (Lodgment 2.) On April 28, 2010, the San Diego County Superior Court denied his Petition for the following reasons:

> Petitioner's argument is without merit. First of all, prior to the time Petitioner committed his crimes ..., Penal Code § 1170(b) was amended to vest the sentencing judge with discretion to impose an upper-term sentence without making specific factual findings. Thus, Cunningham is not applicable in this case. Moreover, as part of his plea agreement, Petitioner waived his rights to jury trial and proof beyond a reasonable doubt as to any fact in aggravation that could be used to increase his sentence.

(Lodgment 3.)

Petitioner then filed a Petition for Writ of Habeas Corpus in the California Court of Appeal. (Lodgment 4.) On June 8, 2010, the California Court of Appeal summarily denied the Petition. (Lodgment 5.) Petitioner then filed a Petition in the California Supreme Court. (Lodgment 6.) The California Supreme Court also summarily denied the Petition. (Lodgment 7.) Petitioner then filed the instant Petition on July 12, 2011. (Doc. 1.)

**III. SCOPE OF REVIEW**

Under United States law, a federal district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.A. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to habeas corpus petitions filed after 1996. Lindh v. Murphy, 521 U.S. 320, 336 (1997). As amended by the AEDPA, 28 U.S.C. section 2254(d) reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The application for such a writ should be granted only in two circumstances. First, the writ should be granted if the adjudication of the claims in state court "resulted in a decision contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C.A. § 2254(d)(1). A state decision is contrary to Supreme Court authority only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts. Williams (Terry) v. Taylor, 529 U.S. 362, 412-13 (2001). A state court decision unreasonably applies Supreme Court authority if it correctly identifies the governing legal principle from Supreme Court precedents but "unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

Second, the writ should be granted if the adjudication of the claims in state court "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C.A. § 2254(d)(2).  However, federal habeas corpus cannot be utilized to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377  (1972). Factual determinations by the state court are presumed reasonable "absent clear and convincing evidence to the contrary." Miller-El v. Cockrell, 537 U.S. 322, 123 (2003); see Sumner v. Mata, 449 U.S. 539, 545-47 (1981) (stating that deference is owed to factual findings of both state trial and appellate courts). As such, a petitioner's conclusory allegations unsupported by facts from the record are insufficient to warrant habeas corpus relief.  Boeheme v. Maxwell, 423 F.2d 1056, 1058 (9th Cir. 1970.)  Even if the state court's factual determination is flawed, an application of a writ of habeas corpus should not be granted unless an error "resulted in a complete miscarriage of justice."  Hill v. United States, 368 U.S. 424, 428 (1962).

Where, as here, there is no reasoned decision from the state's highest court to review, a federal court "looks through" the silent state supreme court decision to the "last reasoned opinion" issued in the state's courts. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground. Id.

"An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2); see also Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005) ("[A] federal court may deny an unexhausted petition on the merits ... when it is perfectly clear that the applicant does not raise even a colorable federal claim."); cf. Acosta-Huerta v. Estelle, 7 F.3d 139, 142 (9th Cir. 1982) (finding that the exhaustion requirement is inapplicable as to claims which "clearly do not rise to the level of alleged deprivations of constitutional rights.").

**IV. DISCUSSION**

Here, it is perfectly clear that Petitioner does not raise even a colorable federal claim in his Petition. Petitioner's claim is based on the decision of the U.S. Supreme Court in Cunningham v. California, 549 U.S. 270 (2007). Cunningham held that California's then-existing, tripartite, determinate sentencing law violated a defendant's right to a trial by jury because it authorized a judge, not the jury, to find facts by a preponderance of the evidence exposing a defendant to an elevated upper-term sentence. Id. at 288-89. However, even before Cunningham was decided, the right to a jury trial on aggravating facts could be waived by the defendant. See Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008) (stating that Cunningham did not announce a new rule of law). As the Supreme Court stated in an earlier case involving fact-finding and sentencing:

> [N]othing prevents a defendant from waiving his Apprendi [jury trial] rights. When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding. (Citations omitted.) If appropriate waivers are procured, States may continue to offer judicial factfinding as a matter of course to all defendants who plead guilty. Even a defendant who stands trial may consent to judicial factfinding as to sentence enhancements . . . .

Blakely v. Washington, 542 U.S. 296, 310 (2004).

As the state court reasonably determined, Petitioner is not entitled to habeas relief because he signed a Blakely waiver specifically waiving his right to have each aggravating fact proven beyond a reasonable doubt by a jury with regard to his sentencing. (Lodgment 1, at 94.) This reasonable decision precludes habeas corpus relief in this Court as Petitioner has failed to raise a colorable federal claim here. Petitioner's habeas claim should be DENIED.

///

///

## V.  CONCLUSION AND RECOMMENDATION

For the reasons outlined above, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered **DENYING** the Petition for Writ of Habeas Corpus.

**IT IS SO ORDERED** that no later than **May 11, 2012**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendations."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **May 25, 2012**. The parties are advised that failure to file objections within specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED:       April 30, 2012

Peter C. Lewis
U.S. Magistrate Judge
United States District Court