**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WEUSI MARRUFU McGOWAN,<br><br>                       Petitioner,<br>  vs.<br><br>M.D. BITTER,<br><br>                       Respondent. | CASE NO. 11CV1620-LAB (PCL)<br><br>**ORDER OVERRULING OBJECTIONS TO REPORT AND RECOMMENDATION; AND**<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

      Petitioner Weusi Marrufu McGowan, a prisoner in state custody, filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636, the petition was referred to Magistrate Judge Peter Lewis for report and recommendation. On April 30, 2012, Judge Lewis issued his report and recommendation (the "R&R"), which recommended denying the petition. After an extension of time to file objections, McGowan filed his objections (Docket no. 21). He then submitted additional documentation (Docket no. 23), which the Court accepted as a supplement to his objections. The supplemental materials consist of medical records showing that during 2008 and 2009, he was prescribed certain medications, apparently to treat both psychiatric and physical problems.[1]

---

[1] As of June, 2009, when he pleaded guilty, the records show he was prescribed Lithobid (lithium), Seroquel (an antidepressant), a beta-blocker, a diuretic, and aspirin. The records don't show whether he was actually taking those medications nor do they reflect any side effects or unexpected reactions such as he now alleges.

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the R&R to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *Id*.

Although McGowan filed objections, he didn't object to most of the R&R, including its factual recitations. The Court therefore **ADOPTS** them and does not recite them again here. As for McGowan's legal arguments, the R&R concluded "it is perfectly clear that Petitioner does not raise even a colorable federal claim in his Petition." (R&R, 5:9–10.) The R&R notes that, although McGowan argues it was error for the state court to sentence him without submitting certain factual issues to the jury, McGowan waived the right to jury trial in his plea agreement, and when he pleaded guilty. Although McGowan's objections repeat the R&R's recommended rulings, he doesn't challenge them or attempt to show the rulings are wrong in any way. Instead, he raises a completely new objection, *i.e.*, that he was experiencing an unexpected reaction to medication that caused him not to know what he was doing on the day he pleaded guilty. If this claim were valid and he were entitled to relief, the proper remedy would not be vacatur of McGowan's sentence and remand for resentencing, which is the remedy he seeks; rather, he would be entitled to withdraw his guilty plea and go to trial. He is not, however, entitled to any relief.

This new claim was never raised before the state court and is therefore unexhausted. (*See* Lodgments 2 (petition to California Superior Court), 4 (petition to California Court of Appeal), and 6 (petition to California Supreme Court).) For this reason alone, the objection must be overruled. *See* 28 U.S.C. § 2254(b)(1) (requiring exhaustion). McGowan never sought to withdraw his plea, and has questioned its voluntariness until now. In fact, the issue

was not even raised in the petition filed in this Court. Furthermore, it is contradicted by evidence presented in the state court, and by the trial court's factual findings.

At McGowan's plea hearing, McGowan stated (under penalty of perjury) that he was entering his plea freely and voluntarily (Lodgment 1 at 59 ("I am entering my plea freely and voluntarily . . . ."); and that his judgment was unimpaired (*Id*. ( "I am sober and my judgment is not impaired. I have not consumed any drug, alcohol or narcotic within the past 24 hours.") Each statement was initialed by him and made under penalty of perjury. (*See id.* at 61 (declaration under penalty of perjury).) The state court made the factual finding that McGowan understood and was voluntarily waiving his constitutional rights, and that his plea and admissions were freely and voluntarily made. (*Id*.) These statements (which he made on June 19, 2009 and which his counsel verified the same day) and findings (which the trial court made on June 22, 2009) were not unreasonable and are not rebutted by the thin evidence he now presents. *See* 28 U.S.C. § 2254(e)(1) (state court's factual determination presumed correct, and petitioner bears burden of rebutting presumption by clear and convincing evidence). Even if McGowan had exhausted this issue and raised it in his petition to this Court, it would be rejected as meritless.

McGowan's objections to the R&R are therefore **OVERRULED**. The Court has reviewed the R&R, finds it to be correct, and **ADOPTS** it. The petition is **DENIED**. Because jurists of reason would not find this decision debatable, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the certificate of appealability is also **DENIED**.

**IT IS SO ORDERED**.

DATED: June 11, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge